IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

               Plaintiff,

  v.                                                     OPINION & ORDER

L. CASS TERRY and                             17-cv-660-jdp
MILLER & STANSBERRY S.C.,

               Defendants.

---

Plaintiff Robert Pierre Kidd, appearing pro se, is an inmate at the Waupun Correctional Institution. He has filed this civil lawsuit against a doctor, defendant L. Cass Terry, for testifying that Kidd was competent to plead guilty to a crime, and against his lawyers, Miller & Stansberry, S.C., for what he believes was substandard representation on appeal.

Kidd seeks leave to proceed *in forma pauperis*, and he has made an initial partial payment of the filing fee as previously directed by the court. The next step is for me to screen Kidd's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must read Kidd's pro se complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After considering Kidd's complaint, I conclude that his complaint suffers from several problems, the most serious of which is that his claims question the validity of his conviction. I must dismiss the case under *Heck v. Humphrey*, 512 U.S. 477 (1994).

ALLEGATIONS OF FACT

Kidd's allegations are somewhat difficult to follow, but I have gleaned further information from the electronic record of his state-court criminal proceedings. In 2001, Kidd pleaded guilty to three counts of second-degree reckless homicide while using a dangerous weapon, in Milwaukee County Circuit Court case no. 2001CF2489. Kidd indicated that he wanted to pursue postconviction relief, and he was appointed counsel, Charles Stansberry of the law firm Miller & Stansberry, S.C.

I take Kidd to be saying that his plea was not voluntary because of medication—phenobarbital and other anticonvulsants for epilepsy—he was taking at the time of his plea. But Stansberry filed a no-merit report on appeal, at least in part based on a medical report of defendant Dr. L. Cass Terry, a professor of neurology and physiology at the Medical College of Wisconsin. Terry stated that the medication did not affect Kidd's comprehension or judgment. I take Kidd to be saying that Terry's report is false. Kidd's conviction was affirmed on appeal and he remains incarcerated.

ANALYSIS

Kidd asks for money damages and for "all charges [to] be dropped." The court cannot undo Kidd's conviction in this type of proceeding. Such a claim properly belongs in a petition for writ of habeas corpus, although I note that Kidd has unsuccessfully pursued habeas relief from this conviction in the United States District Court for the Eastern District of Wisconsin. *See Kidd v. McCaughtry*, No. 04-C-604, 2007 WL 128355 (E.D. Wis. Jan. 8, 2007).

There is a similar problem with Kidd's claims for money damages: "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or

2

duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Heck*, 512 U.S. 477). Kidd's claims that he received substandard legal representation from Stansberry, and that Terry lied in his expert report, implicitly challenge the constitutionality of his plea and subsequent convictions. A judgment in Kidd's favor would necessarily undermine his conviction and imply that it is invalid. Therefore, I must dismiss his claims.

Moreover, even if *Heck* did not bar Kidd's claims, there are other problems that would almost certainly doom this lawsuit. Kidd cannot bring a federal claim under 42 U.S.C. § 1983 against Stansberry as his defense counsel because defense attorneys are not "state actors" for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Swaggerty v. Trevarthen*, 715 F. App'x 556, 558 (7th Cir. 2018). Although Kidd's complaint is too vague for me to fully understand Terry's role in the criminal proceedings, the same state-actor problem likely applies to Terry. And Kidd likely cannot bring a claim against Terry because witnesses are generally immune from § 1983 lawsuits for providing testimony against a litigant. *See Briscoe v. LaHue*, 460 U.S. 325 (1983). Finally, Kidd's claims are almost certainly barred by the statutes of limitations applying to his claims, which at most run six years. *See* Wis. Stat. § 893.53 (six-year limit for "Action for injury to character or other rights" and § 893.57.57 (three-year limit for "Intentional torts"); *see also Malone v. Corr. Corp. of Am.*, 553 F.3d 540, 542 (7th Cir. 2009) (federal courts generally apply Wisconsin's six-year limitations period to § 1983 claims). Kidd complains of conduct occurring 14 years before he filed his complaint.

Because I conclude that Kidd's claims are barred by *Heck*, I will dismiss the case and assess Kidd a strike for bringing a frivolous lawsuit. *See Moore v. Pemberton*, 110 F.3d 22, 24

(7th Cir. 1997) (A complaint that is barred by *Heck* is considered legally frivolous and counts as a "strike" under 28 U.S.C. § 1915(g)).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment for defendants and close this case.

2. Plaintiff Robert Pierre Kidd is assessed a strike for purposes of 28 U.S.C. § 1915(g). (barring a prisoner with three or more "strikes" or dismissals for a filing a civil action or appeal that is frivolous, malicious, or fails to state a claim from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered April 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge